### APPEAL OF BOSTON HIDE & LEATHER CO.

Docket No. 5105. Decided November 26, 1926.

On March 12, 1920, the petitioner filed what it designated as a "tentative return," which contained no statement of gross income, deductions, credits, or net income, but it did set forth the estimated total tax for the year 1919. At the same time it made a written request for an extension of time within which to file what it desig-

nated as a "completed return." Thereafter, on May 15, 1920, it filed its return in which was set forth gross income, deductions, credits, and its computation of net income. *Held*, that the return filed May 15 was the return required by law, and that the period of limitations prescribed in section 277, paragraph (a) (2) and paragraph (b), of the Revenue Act of 1924, commenced to run at the date of the filing of the completed return.

*Allison L. H. Newton, Esq.*, for the petitioner.
*John W. Fisher, Esq.*, for the Commissioner.

The petitioner seeks a redetermination of a deficiency in income and profits taxes for the year 1919 in the amount of $2,900.81. The controversy between the parties is as to whether the statute of limitations commences to run with the filing of a tentative return accompanied by a request for an extension of time, or with the filing of the complete return. The pleadings raise the issue of the right of the petitioner to relief under sections 327 and 328 of the Revenue Act of 1918, but this issue was abandoned at the hearing.

### FINDINGS OF FACT.

The petitioner is a corporation duly organized and operating under the laws of the Commonwealth of Massachusetts, with its principal place of business at Boston. On October 17, 1922, it made an assignment of its assets for the benefit of creditors, to J. Butler Studley and Samuel L. Bailen. This proceeding is brought by the assignees.

On March 12, 1920, the petitioner mailed the following letter to the collector of internal revenue at Boston:

BOSTON HIDE & LEATHER CO.
Incorporated

207 Essex Street
Boston 11, Mass. U. S. A.
March 12, 1920.

Mr. Andrew J. Casey,
Collector of Internal Revenue,
Little Building, Boston, Mass.

Dear Sir:

The extension to May 15, 1920, for filing the completed income tax return for our company is requested in view of the fact that the officers of the company have been absent from the country, and in view of the complications in making out the return arising through the foreign business done by the company which makes it impossible for us to prepare the completed return by March 15, 1920.

We send you, herewith, tentative return on form 1120 for the Boston Hide & Leather Company's corporation income tax for the year 1919 on which the

estimated tax is shown as $80,000.00. We also enclose check for one-quarter of this amount, $20,000.00, as the first payment due March 15, 1920.

Respectfully,

BOSTON HIDE & LEATHER CO., INC.

AGM/EB                    (Signed) Alf G. Moseley, Treasurer.
Encl.

The tentative return which accompanied the letter was made out on Form 1120. Across the face of this form was written the words "tentative return." It contained no report of gross income, deductions, credits, or net income. Eighty thousand dollars was shown as the estimated total tax for the year 1919.

On April 9, 1920, the following letter granting the extension requested in petitioner's letter of March 12 was mailed to the petitioner by Collector John J. Mitchell:

TREASURY DEPARTMENT

TDC

Internal Revenue Service

Office of the Collector,                    80 Boylston Street,
Third District of Mass.                     Boston, Massachusetts.

Boston Hide & Leather Co.                    Serial No. 408349
    210 Essex Street,
        Boston, Mass.                        April 9, 1920.

Sirs:

EXTENSION OF TIME FOR FILING CORPORATION RETURN, FORM 1120,
FOR CALENDAR YEAR 1919.

Pursuant to your request extension of time is hereby granted you until May 15th, 1920, to file your income tax return, Form 1120.

You are hereby advised that interest will be charged you at the rate of six per cent per annum for the period from March 15th, to date of filing final return on any deficiency which may develop between the amount of the first installment as paid upon submission of your tentative return and the amount of the first installment properly due as determined upon submission of final return.

IN ORDER THAT YOU MAY RECEIVE PROPER CREDIT UPON SUBMISSION OF YOUR FINAL RETURN FOR THE ESTIMATED ONE-QUARTER OF TAX DUE PAID BY YOU UPON SUBMISSION OF YOUR TENTATIVE RETURN THIS FORM *MUST* BE ATTACHED SECURELY TO THE FACE OF YOUR FINAL RETURN.

Respectfully,

John J. Mitchell,
#307a                                          Collector.

On May 15, 1920, the complete return showing a tax liability of $80,732.52 was filed by the petitioner in the office of the collector in Boston.

The deficiency letter was mailed to the petitioner on April 30, 1925.

## OPINION.

GREEN: The facts in this proceeding are almost identical with those in the *Appeal of the Dallas Brass & Copper Co.*, 3 B. T. A. 856. There we held that the filing of a tentative return similar to that filed by the petitioner in this proceeding did not constitute the filing of a return within the provisions of section 239 of the Revenue Act of 1918, which in part reads as follows:

That every corporation subject to taxation under this title and every personal service corporation shall make a return, stating specifically the items of its gross income and the deductions and credits allowed by this title. The return shall be sworn to by the president, vice president, or other principal officer and by the treasurer or assistant treasurer.

In the opinion in that appeal we said:

The return required by the statute is a document prepared in such manner as to set forth the information called for in the above quotation from section 239 of the Revenue Act of 1918. The form filed by the taxpayer on March 12, 1919, contained none of the information required by section 239, above quoted. We must, therefore, treat this tentative return only as a request for an extension of time within which to file the return, accompanied by a statement that the taxpayer complied with the Commissioner's requirements of making a payment of one-fourth of the amount of tax estimated to be due, and that this taxpayer, having availed itself of the extension offered by the Commissioner to it and all other taxpayers in similar circumstances, can not now with any degree of propriety, claim that the simple form used by it, containing none of the information required by the statute, was a return which could start the running of the statute of limitations.

The time within which the assessment of income and profits taxes for the year 1919 must be made, or the deficiency letter mailed, is prescribed in paragraph (a) (2) and paragraph (b) of section 277 of the Revenue Act of 1924. These paragraphs are as follows:

Sec. 277. (a)   *   *   *

(2) The amount of income, excess-profits, and war-profits taxes imposed by the Act entitled "An Act to provide revenue, equalize duties, and encourage the industries of the United States, and for other purposes," approved August 5, 1909, the Act entitled "An Act to reduce tariff duties and to provide revenue for the Government, and for other purposes," approved October 3, 1913, the Revenue Act of 1916, the Revenue Act of 1917, the Revenue Act of 1918, and by any such Act as amended, shall be assessed within five years after the return was filed, and no proceeding in court for the collection of such taxes shall be begun after the expiration of such period.

*       *       *       *       *       *       *

(b) The period within which an assessment is required to be made by subdivision (a) of this section in respect of any deficiency shall be extended (1) by 60 days if a notice of such deficiency has been mailed to the taxpayer under subdivision (a) of section 274 and no appeal has been filed with the Board of Tax Appeals, or, (2) if an appeal has been filed, then by the number of days between the date of the mailing of such notice and the date of the final decision by the Board.

The true return required by law was filed by this petitioner on May 15, 1920; the deficiency letter was mailed on April 30, 1925, which is within the five-year period prescribed by the quoted portions of section 277 of the Revenue Act of 1924, and we therefore hold that the period of limitations prescribed in such section has not expired.

> *Judgment will be entered for the Commissioner.*